1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JORGE ARMANDO ALCANTAR,                Case No.   1:20-cv-01364-NONE-HBK

12                  Petitioner,             FINDINGS AND RECOMMENDATIONS TO
                                            DISMISS PETITION[1]
13          v.
                                            OBJECTIONS DUE IN THIRTY DAYS
14   S. FRAUENHEIM,
                                            (Doc. No. 1)
15                  Respondent.

16

17

18          Petitioner Jorge Armando Alcantar is a state prisoner without counsel proceeding *pro se*

19   on his petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  The petition is

20   before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

21   Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and

22   order a response to the petition unless it "plainly appears" that the petitioner is not entitled to

23   relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147

24   F.3d 1124, 1127 (9th Cir. 1998).  Courts have "an active role in summarily disposing of facially

25   defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018)

26

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Ca. 2019).

1  (citation omitted).  The sole ground for relief stated in the petition does not confer this court with

2  habeas jurisdiction.

3       I.       FACTS AND BACKGROUND

4       Petitioner, after a jury trial, was convicted of murder and use of a firearm and sentenced to

5  forty (40) years to life by the Superior Court of Fresno County in case no. F11901601.  (Doc. No.

6  1at 1-2).  Petitioner raises one ground for relief in his petition:  the trial court violated petitioner's

7  due process rights by "imposing excessive fines without considering petitioner's ability to pay."

8  (*Id*. at 6).  Specifically, petitioner claims the $10,000 restitution amount imposed on him is

9  excessive because he does not have the ability to pay the amount of restitution.  (*Id*.).  As relief,

10  petitioner request the court to grant him a hearing on his ability to pay the restitution amount

11  ordered.  (*Id*. at 15).

12       II.      APPLICABLE LAW

13       A federal court  may only "entertain an application for a writ of habeas corpus in behalf of

14  a person in custody pursuant to the judgment of a State court only on the ground that he is in

15  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

16  § 2254(a).  Where a favorable judgment would not "necessarily lead to [a petitioner's] immediate

17  or earlier release from confinement," habeas relief is not available.  *See Nettles v. Grounds*, 830

18  F.3d 922, 935 (9th Cir. 2016); *see also Martin v. City of Boise*, 920 F.3d 584, 611 (9th Cir. 2019)

19  (where petition is not seeking immediate or speedier release habeas corpus is inappropriate

20  remedy).

21       Binding precedent makes clear that the imposition of a fine, by itself, is not sufficient to

22  meet § 2254's jurisdictional requirement.  *See Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010)

23  ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a

24  restitution order imposed as part of a criminal sentence."); *Williamson v. Gregoire*, 151 F.3d

25  1180, 1183 (9th Cir. 1998) ("[C]ourts hold that the imposition of a fine . . . is merely a collateral

26  consequence of conviction, and does not meet the 'in custody' requirement" for federal habeas

27  relief.).  To satisfy the "in custody" requirement, a petitioner must show a nexus between his

28

2

1  claim and the alleged unlawful nature of his custody. *Baily*, 599 F.3d at 980. A challenge to a

2  restitution order is not akin to a challenge to custody. *Id*.

3  III.   ANALYSIS

4  Petitioner fails to state a cognizable claim for habeas relief. Petitioner does not challenge

5  the fact or duration of his confinement. Instead, petitioner solely disputes the imposition of his

6  restitution order. *See* Doc. No. 1 at 6. Indeed, even if the court were to grant petitioner relief,

7  such relief would not affect either the fact or duration of petitioner's confinement. Thus, a writ of

8  habeas corpus is not the appropriate remedy and the petition fails to state a claim upon which

9  relief can be granted. Because the court does not have jurisdiction to consider petitioner's claim,

10  the undersigned recommends that the petition be dismissed.

11  IV.   CERTIFICATE OF APPEALABILITY

12  State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

13  appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

14  (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2);

15  *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

16  certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

17  22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court

18  denies habeas relief on procedural grounds without reaching the merits of the underlying

19  constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

20  would find it debatable whether the petition states a valid claim of the denial of a constitutional

21  right and that jurists of reason would find it debatable whether the district court was correct in its

22  procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar

23  is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

24  could not conclude either that the district court erred in dismissing the petition or that the

25  petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the

26  undersigned's conclusion debatable or conclude that petitioner should proceed further. The

27  undersigned therefore recommends that a certificate of appealability not issue.

28

Accordingly, it is RECOMMENDED:

    1.  The petition be dismissed.

    2.  No certificate of appealability be issued.

    3.  The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __March 8, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE