UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ARMANDO ALCANTAR,<br><br>    Petitioner,<br><br>v.<br><br>S. FRAUENHEIM,<br><br>    Respondent. | Case No. 1:20-cv-01364-NONE-HBK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE</u><br><br>(Doc. Nos. 1, 8) |

    Petitioner Jorge Armando Alcantar is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 9, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed because petitioner challenges solely the restitution fine aspect of his state court criminal judgment. (Doc. No. 8); *see Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010) ("Bailey's challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody."). The pending findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were

to be filed within thirty (30) days of service. (*Id*. at 4.) On March 22, 2021, petitioner moved for a 90-day extension of time to file his objections, which the magistrate judge granted. (Doc. Nos. 9, 10.) That time has passed, and petitioner has not filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3). In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Moreover, it appears at this time that any alleged error has been corrected by his release. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 9, 2021 (Doc. No. 8), are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

/////
/////
/////
/////

2

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **July 15, 2021**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE